# EXHIBIT A



| | |
|---|---|
| **From:** | |
| **To:** | |
| **Cc:** | |
| **Subject:** | Temporary Restraining Order in Chicago Women in Trades v. Trump, et. al., Case No. 1:25-cv-02005 (N.D. Ill.) |
| **Date:** | Friday, March 28, 2025 11:06:00 AM |
| **Attachments:** | CWIT TRO Order.pdf |

Yesterday, the court in *Chicago Women in Trades v. Trump, et. al.*, Case No. 1:25-cv-02005 (N.D. Ill.) issued a Temporary Restraining Order (TRO) in a challenge to Executive Orders 14151 and 14173. The court instructed that its Order be provided to all agency heads and other relevant individuals in the Department. Accordingly, I've attached a copy of the court's Order, and included the relevant terms of the TRO below:

- **ORDERED** that, pending a further order by the Court, the Acting Secretary of Labor; the U.S. Department of Labor; its officers, agents, servants, employees, attorneys; and other persons who are in active concert or participation with any of them (collectively, the "Enjoined Parties"), shall not pause, freeze, impede, block, cancel, or terminate any awards, contracts or obligations (collectively, the "Current Obligations") with CWIT, or change the terms of any Current Obligations with CWIT, on the basis of the Termination Provision (§ 2(b)(i)) of Executive Order 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025); and it is further
- **ORDERED** that the Enjoined Parties shall not require any grantee or contractor to make any "certification" or other representation pursuant to the Certification Provision (§ 3(b)(iv)) of Executive Order 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025); and it is further
- **ORDERED** that the Government shall not initiate any False Claims Act enforcement action against CWIT pursuant to the Certification Provision (§ 3(b)(iv)) of [Executive Order 14173]

Please forward to any relevant staff as necessary.

Thank you.



U.S. Department of Labor
Office Phone:
Work Cell:

This message may contain information that is privileged or exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this e-mail in error, please notify the sender

immediately.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO WOMEN IN TRADES,

             Plaintiff,

    v.

PRESIDENT DONALD J. TRUMP,
DEPARTMENT OF LABOR, ACTING
SECRETARY OF LABOR VINCENT
MICONE, OFFICE OF MANAGEMENT
AND BUDGET, DIRECTOR OF THE
OFFICE OF MANAGEMENT AND
BUDGET RUSSELL VOUGHT, U.S.
DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL OF THE U.S.
DEPARTMENT OF JUSTICE PAMELA
BONDI,

             Defendants.

Case No. 25 C 2005

## TEMPORARY RESTRAINING ORDER

MATTHEW F. KENNELLY, District Judge:

      This matter comes before the Court on the motion by plaintiff Chicago Women in Trades's ("CWIT") motion for a temporary restraining order. CWIT's motion is GRANTED for the following reasons:

1. CWIT has standing to challenge the Termination Provision (§ 2(b)(i)) of Executive Order 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025) ("J20 Order"), and the Certification Provision (§ 3(b)(iv)) of Executive Order 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025) ("J21 Order"), and its claims are ripe for review.

2. CWIT has shown that it is likely to succeed on the merits of its First Amendment claims involving the Termination Provision and the Certification Provision.

3. CWIT has shown irreparable harm and that there is no adequate remedy at law.

4. The balance of equities favors CWIT because of the severity of a First Amendment injury, because the government can still enforce the provisions of the Executive Orders that are unlikely to violate the First Amendment, and because the government can still enforce existing anti-discrimination laws.

Therefore, upon consideration of CWIT's motion for a temporary restraining order and the parties' briefs and exhibits, it is hereby:

**ORDERED** that the motion for a temporary restraining order is **GRANTED** to the extent stated in this Order; and it is further

**ORDERED** that, pending a further order by the Court, the Acting Secretary of Labor; the U.S. Department of Labor; its officers, agents, servants, employees, attorneys; and other persons who are in active concert or participation with any of them (collectively, the "Enjoined Parties"), shall not pause, freeze, impede, block, cancel, or terminate any awards, contracts or obligations (collectively, the "Current Obligations") with CWIT, or change the terms of any Current Obligations with CWIT, on the basis of the Termination Provision (§ 2(b)(i)) of Executive Order 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025); and it is further

**ORDERED** that the Enjoined Parties shall not require any grantee or contractor to make any "certification" or other representation pursuant to the Certification Provision (§ 3(b)(iv)) of Executive Order 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025); and it is further

**ORDERED** that the Government shall not initiate any False Claims Act enforcement action against CWIT pursuant to the Certification Provision (§ 3(b)(iv)) of

the J21 Order; and it is further

**ORDERED** that the Department of Labor shall provide a copy of this Order to all agency and bureau heads, and all other relevant parties; and it is further

**ORDERED** that the Department of Labor file a status report within 24 hours of the issuance of this order, and every week thereafter while this order is in effect, confirming compliance with this order.

This order shall apply to the maximum extent provided for by Fed. R. Civ. P. 65(d)(2) and shall persist until further order of this Court.

SO ORDERED this 27th day of March, 2025.

_____
MATTHEW F. KENNELLY
United States District Court Judge