UNITED STATES DISTRICT COURT OF THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO WOMEN IN TRADES, <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT DONALD J. TRUMP, DEPARTMENT OF LABOR, ACTING SECRETARY OF LABOR VINCENT MICONE, OFFICE OF MANAGEMENT AND BUDGET, DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET RUSSELL VOUGHT, U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE PAMELA BONDI, <br><br> Defendants. | Case No. 1:25-cv-02005 <br><br> Judge: Hon. Matthew F. Kennelly |

**ORDER ON
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This matter comes before the Court on the motion by Plaintiff Chicago Women in Trades' ("CWIT") motion for preliminary injunction. CWIT's motion is GRANTED in part and DENIED in part for the following reasons:

1. CWIT has standing to challenge the Termination Provision (§ 2(b)(i)) of Executive Order 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025) ("J20 Order"), and the Certification Provision (§ 3(b)(iv)) of Executive Order 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025) ("J21 Order"), and its claims are ripe for review.

2. CWIT has shown that it is likely to succeed on the merits of its First Amendment claim in challenging the Certification Provision.

3. CWIT has shown that it is likely to succeed on the merits of its claim that the

      Termination Provision violates the separation of powers when applied to CWIT's Women in Apprenticeship and Nontraditional Occupations ("WANTO") Act grants.

4. CWIT has shown irreparable harm that would result from enforcement of the Certification Provision. CWIT is likely to suffer irreparable harm if the Termination Provision is enforced against the WANTO grant.

5. The balance of harms and public interest favors CWIT because the public interest is not harmed by preliminary enjoining the Certification Provision and the Termination Provision which are likely unconstitutional, and because the government can still enforce existing anti-discrimination laws.

Therefore, upon consideration of CWIT's motion for preliminary injunction and the parties' briefs and exhibits, it is hereby:

      **ORDERED** that the motion for preliminary injunction is **GRANTED** to the extent stated in this Order; and it is further

      **ORDERED** that, the Secretary of Labor; the U.S. Department of Labor; its officers, agents, servants, employees, attorneys; and other persons who are in active concert or participation with any of them (collectively, the "Enjoined Parties"), shall not pause, freeze, impede, block, cancel, or terminate CWIT's WANTO grant, or change the terms of the WANTO grant with CWIT, on the basis of the Termination Provision (§ 2(b)(i)) of Executive Order 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025).

      **ORDERED** that, the Enjoined Parties shall not require any grantee or contractor to make any "certification" or other representation pursuant to the Certification Provision (§ 3(b)(iv)) of Executive Order 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025); and it is further

      **ORDERED** that the Government shall not initiate any False Claims Act enforcement action against CWIT pursuant to the Certification Provision of (§ 3(b)(iv)) of the J21 Order;

and it is further

**ORDERED** that the Department of Labor shall provide a copy of this Order to all agency and bureau heads, and all relevant parties; and it is further

**ORDERED** that the Department of Labor file a status report within 24 hours of the issuance of this order, and every week thereafter while this Order is in effect, confirming compliance with this Order.

This Order shall apply to the maximum extent provided for by Fed. R. Civ. P. 65(d)(2) and shall persist until further order of this Court.

SO ORDERED this 15th day of April, 2025.

_____
MATTHEW F. KENNELLY
United States District Court Judge