UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHICAGO WOMEN IN TRADES,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENT DONALD J. TRUMP, DEPARTMENT OF LABOR, ACTING SECRETARY OF LABOR VINCENT MICONE, OFFICE OF MANAGEMENT AND BUDGET, DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET RUSSELL VOUGHT, U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE PAMELA BONDI,<br><br>Defendants. | Case No. 1:25-cv-02005<br><br>Judge: Hon. Matthew F. Kennelly<br><br>JURY TRIAL DEMANDED |

## JOINT STATUS REPORT

The parties, by their undersigned counsel, submit this joint status report pursuant to the court's May 14, 2025 minute entry. *See* Dkt. 94.

1. On May 28, 2025, CWIT served the following discovery, attached hereto as Exhibit A, on Defendants:

    a. 16 Requests for Production to all Defendants;

    b. 16 Interrogatories to Defendants U.S. Department of Justice and Attorney General of the U.S. Department of Justice Pamela Bondi;

    c. 16 Interrogatories to Defendants Office of Management Budget and Director of Office of Management and Budget Russell Vought; and

    d. 16 Interrogatories to Defendants U.S. Department of Labor and Acting Secretary of Labor Vincent Micone.

1

Responses are currently due June 27, 2025.  *See* Fed. R. Civ. P. 33(a)(b)(2), 34(b).

      2.      Defendants did not serve discovery on CWIT.

**Defendants' Position**

      1.      The defendants dispute the appropriateness of CWIT's discovery requests and plan to confer with plaintiff pursuant to Local Rule 37.2 to minimize or resolve the differences.  The defendants take this opportunity to point out certain areas of concern prior to the upcoming June 13 court status and prior to our meet-and-confer.

      2.      In its complaint, CWIT brings constitutional challenges to five provisions in two executive orders and names the President and three agencies and their heads as defendants.  Dkt. 1.  But the court entered a preliminary injunction based on only two constitutional challenges: (1) the separation of powers challenge to the Termination Provision in EO 14,151 as it concerns CWIT's grant funding from DOL under the WANTO Act, and (2) the First Amendment challenge to the Certification Provision in EO 14,173.  Dkt. 69 (preliminary injunction order).

      3.      The court otherwise denied CWIT's preliminary injunction motion, Dkt. 68 at 2, and found several challenges to suffer from jurisdictional defects or lack merit on purely legal grounds, Dkts. 52, 68, 90.  The court was "unpersuaded that CWIT can establish the required injury in fact" to challenge the three executive provisions in § 2(b)(ii)(A) in EO 14,151 and § 3(c)(iii) and 4(b) in EO 14,173 because they "focus on internal government agency processes and programs and reporting to the President from his subordinates."  Dkt. 52 at 5.  The court also found that "CWIT is unlikely to succeed" on its First Amendment, Dkt. 68 at 32, Fifth Amendment, *id.* at 34, and facial separation of powers challenges to the Termination Provision in EO 14,151, *id.* at 68.  And the court declined to modify the preliminary injunction by extending relief as to the Termination Provision to funding sources other than the WANTO Act.  Dkt. 90.

4. CWIT's discovery requests seek documents and information about *all* provisions in both executive orders, including those that the court found it lacked standing to challenge and those it does not challenge. For example, at the outset, the production requests seek all documents relating to any guidance, interpretations, applications, and enforcement for every provision in both executive orders, Ex. A at 8, ¶ 1, and all documents provided by any executive official to contractors or grantees regarding every provision in both executive orders, *id.* at 9, ¶ 2. Similarly, the interrogatories request information about any guidance or instruction relating to the administration or enforcement of all provisions in both EOs and definitions of terms not found in the Termination Provision in EO 14,151 or Certification Provision. *E.g.*, *id.* at 19-21, ¶¶ 12, 11, 7, 9.

5. Moreover, CWIT improperly seeks discovery from parties it lacks standing to sue—the President, DOJ, and OMB, and the heads of those agencies. Well-established precedent prevents the judiciary from enjoining the President here. *See Mississippi v. Johnson*, 71 U.S. 475, 499, 501 (1866). And CWIT's supposed injuries in fact arise only from five contracts, grants, sub-contracts, or sub-grants with only one agency, DOL—not with any other agency. *See Murthy v. Missouri*, 144 S. Ct. 1972, 1988 (2024) ("for every defendant, there must be at least one plaintiff with standing to seek an injunction"); *see also* Dkt. 90 (discussing the five DOL funding sources).

6. The defendants plan to move to dismiss the complaint, including by asserting jurisdictional and other defenses that the court previously recognized. Thus, resolving the motion to dismiss would, at a minimum, substantially limit CWIT's expansive discovery requests.

7. If the parties cannot reach agreement under Local Rule 37.2, the defendants plan to move to stay certain of the discovery pending resolution of their motion to dismiss to an extent that depends on the outcome of the conferrals. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007)

("Federal courts must determine that they have jurisdiction before proceeding to the merits," including by resolving whether the plaintiff has Article III standing to sue each defendant); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336-37 (N.D. Ill. 2005) (staying discovery is often warranted when motion to dismiss raises standing and other jurisdictional defenses).

**Plaintiff's Position**

1. CWIT will meet and confer with Defendants pursuant to Local Rule 37.2 to minimize or resolve the differences regarding CWIT's discovery requests. CWIT agrees to withdraw any discovery requests directed to the President.

2. Defendants' position that Plaintiff's discovery requests are overbroad based on the Court's denial in part of CWIT's preliminary injunction motion is premature at best. The Court did not dismiss any of CWIT's claims; it concluded based only on the allegations in the Complaint that CWIT is "unlikely" to succeed on the merits of some of them. Dkt. 68 at 32, 35 (emphasis added). That preliminary ruling does not bar CWIT from propounding discovery to pursue—and potentially vindicate—its claims. *See e.g., Foxmind Canada Enters., Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 2022 WL 17251329, at *4 (N.D. Ill. Nov. 28, 2022) ("The fact that the court denied plaintiff's motion for preliminary injunction does not mean that plaintiff does not have a plausible claim and could not succeed on the merits of its claim after discovery"). The government notes that this Court found CWIT would not likely succeed on the merits of its claim that the government's actions implicated the restrictions of *Vullo*. Dkt. No. 65 at 26-32. However, neither the government nor this Court addressed CWIT's arguments that the government's actions violate the principles of *Legal Services Corp. v. Valezquez*, 531 U.S. 533 (2001). In response to the government's arguments that its actions were justified by *Rust v. Sullivan*, 500 U.S. 173 (1991),

4

and *National Endowment for the Arts v. Finley*, 524 U.S. 569 (1998), CWIT noted that *Legal Services* prohibits the government from providing funding and then limiting or restricting the speech that that funding was intended to encourage on the basis that that speech is undesired, unwanted, or violative of some government imposed norm. *See* Dkt. No. 65 at 9-10.

3. With regard to the Fifth Amendment, this case therefore cannot be analogized to *Finley* or *Rust*. Indeed, although the Court expressed concern about the viability of CWIT's facial challenge to the Termination Provision, as set forth in CWIT's papers, CWIT also has procedural due process rights with respect to its grants that are protected by the Fifth Amendment. Dkt. No. 65 at 13-14. Those rights to process are flouted where the government steadfastly refuses to define "DEI" or provide sufficient justification for its termination decisions. CWIT is entitled to discovery as to the question of the process by which Defendants employ the Termination Provision, a question directly relevant to CWIT's WANTO grants, where DOL's ability to terminate them is preliminarily, but not permanently, enjoined.

4. Moreover, there remains an open question as to whether the government is cutting funding because CWIT promotes diversity, inclusion, or equity even when *not* funded by government grant. There is no dispute that this would be unconstitutional as this Court recognized when it enjoined the Certification Provision on that basis. Dkt. No. 65 at 44-46. CWIT is entitled to discovery as to this question.

5. As for the government's position that CWIT is entitled to discovery only as to the Department of Labor, CWIT's complaint alleges that each defendant caused or participated in an alleged violation of CWIT's constitutional rights. *See, e.g.,* Dkt. 1, ¶¶ 102, 110, 120, 128, 140, 148, 156, 161, 169-187. Moreover, the Executive Orders make clear that the enforcement of the Termination Provision is not limited to the Department of Labor. For example, the J21 Order

orders "the OMB Director, with the assistance of the Attorney General, to "[t]erminate all 'diversity,' 'equity,' 'equitable decision-making,' 'equitable deployment of financial and technical assistance,' 'advancing equity,' and like mandates, requirements, programs, or activities, as appropriate" (J21 EO, § 3(c)(iii)). Dkt. 1, ¶ 5. As another example, the J20 EO instructs, *inter alia*, "[e]ach agency, department, or commission head, in consultation with the Attorney General, the Director of OMB, and the Director of OPM" to within sixty days of the order "terminate, to the maximum extent allowed by law, all DEI, DEIA, and 'environmental justice' offices and positions (including but not limited to 'Chief Diversity Officer' positions); all 'equity' actions, initiatives, or programs, 'equity-related' grants or contracts; and all DEI or DEIA performance requirements for employees, contractors, or grantees." J20 Termination Provision, J20 EO, § 2(b)(i). Dkt. 1, ¶ 61. CWIT is entitled to discovery as to the application of the Termination Provision in light of this language in the executive orders, which are in no way limited to the Department of Labor. The same is true for the Certification Provision. *See* ¶¶ 5, 61, 62, 73, 89, 136, and 161.

6.   Finally, CWIT is entitled to determine whether the government's actions are in conformity with the law, where the government's defense of the Termination Provision hinges on the phrase "to the maximum extent of the law." Again, the government refuses to define "DEI" or programs that advance DEI in violation of federal antidiscrimination law, and diversity, equity, and inclusion are not illegal. Therefore, if the government is cutting off funding because it claims the conduct "illegal" when it is not in fact illegal, then the government's actions exceed "the maximum extent of the law."

7.   CWIT will, of course, oppose any motion to dismiss the government may file. CWIT will also oppose any efforts by the government to stay discovery pending the resolution of that motion. While Courts generally have discretion to grant a stay of discovery, the presumption

is that discovery should be allowed. Indeed, the government "must show that good cause to stay discovery." *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11 CV 265, 2012 WL 3138108 (N.D. Ind. Aug. 1, 2012). The government is unlikely to be able to make such a showing here, where it has already objected to CWIT's standing and the Court's jurisdiction during briefing on CWIT's motion for a temporary restraining order and preliminary injunction, and the Court still granted CWIT preliminary injunctive relief.

Respectfully submitted,

**Attorneys for Defendants**

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

PARDIS GHEIBI
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: pardis.gheibi@usdoj.gov

ANDREW S. BOUTROS
United States Attorney

By: /s/ Patrick Johnson
THOMAS P. WALSH
PATRICK JOHNSON
Assistant United States Attorneys
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5312
(312) 353-5327
thomas.walsh2@usdoj.gov
patrick.johnson2@usdoj.gov

**Attorneys for Chicago Women in Trades**

/s/ Jason P. Stiehl
Jason P. Stiehl
CROWELL & MORING LLP
455 N Cityfront Plaza Dr.
Suite 3600
Chicago, IL 60611
Tel: (312) 840-3108
jstiehl@crowell.com

/s/ Meshach Y. Rhoades
Meshach Y. Rhoades*

/s/ Anuj Vohra
Anuj Vohra
Keith J. Harrison*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500
avohra@crowell.com
kharrison@crowell.com

/s/ Warrington Parker

7

CROWELL & MORING LLP
1601 Wewatta Street
Suite 815
Denver, CO 80202
Tel: (303) 524-8660
mrhoades@crowell.com

*/s/ Sabrina A. Talukder*
Sabrina A. Taluker*
Kathryn J. Youker
Adria J. Bonillas
Olivia Sedwick
Gillian Cassell-Stiga
Lawyers' Committee for Civil Rights
Under Law
1500 K Street, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
stalukder@lawyerscommittee.org
kyouker@lawyerscommittee.org
abonillas@lawyerscommittee.org
osedwick@lawyerscommittee.org
gcassell-stiga@lawyerscommittee.org

Aneel L. Chablani (No. 6242658)
Ami D. Gandhi (No. 6282924)
Chicago Lawyers' Committee for
Civil Rights
100 N. LaSalle St., Ste. 600
Chicago, IL 60602
Telephone: (312) 630-9744
Facsimile: (312) 630-1127
achablani@clccrul.org
agandhi@clccrul.org

Warrington Parker*
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800
wparker@crowell.com

Elizabeth E. Theran
Adrienne DerVartanian
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
etheran@nwlc.org
adervartanian@nwlc.org

Lourdes M. Rosado*
Rafaela Uribe*
LATINOJUSTICE PLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
Telephone: (212) 739-7583
lrosado@latinojustice.org
ruribe@latinojustice.org

DCACTIVE-80505001.4