# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHICAGO WOMEN IN TRADES, | |
| Plaintiff, | Case No. 1:25-cv-02005 |
| v. | Judge: Hon. Matthew F. Kennelly |
| PRESIDENT DONALD J. TRUMP, DEPARTMENT OF LABOR, ACTING SECRETARY OF LABOR VINCENT MICONE, OFFICE OF MANAGEMENT AND BUDGET, DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET RUSSELL VOUGHT, U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE PAMELA BONDI, | JURY TRIAL DEMANDED |
| Defendants. | |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Chicago Women in Trades ("CWIT" or "Plaintiff") requests that Defendants President Donald J. Trump ("President Trump"), Department of Labor ("DOL"), Acting Secretary of Labor Vincent Micone ("Micone"), Office of Management and Budget ("OMB"), Director of the Office of Management and Budget Russel Vought ("Vought"), US. Department of Justice ("DOJ"); and Attorney General of the U.S. Department of Justice Pamela Bondi ("Bondi") respond to the following Requests for Production ("Requests" or "Discovery Requests") within thirty (30) days of the date of service, and in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

These Discovery Requests are continuing in nature, and Defendants must reasonably supplement or amend their answers and responses to these Requests pursuant to the Federal Rules of Civil Procedure to include certain types of information, specified in the rules, which they later acquire.

Documents are to be produced for inspection and copying at the offices of Crowell & Moring LLP, 455 N Cityfront Plaza Drive, Suite 3600, Chicago IL 60611.

## I.  DEFINITIONS

For the purposes of these Discovery Requests, the following definitions apply:

1.      "Document" means all recorded information, regardless of how the information is stored or what actions are necessary to perceive it, as provided in FED. R. CIV. P. 34(a)(1)(A) and FED. R. EV. 1001(1)-(2).  If a document has been prepared in several copies, or if additional copies have been made, and the copies are not identical, or have undergone alteration, each non-identical copy is a separate "document."  This definition includes, but is not limited to, the following:  any communication, paper, writing, chart, memo, note, letter, inter-office memo, intra-office memo, email, text messages, instant messaging, spreadsheets, report, study, statement, map, log entry, drawing, photograph, sketch, picture, tape recording, computer data, or any other verbal or pictorial representation of any event or idea that has transpired, where ever such Documents are stored, including email servers and cloud storage.

2.      "Person" means any natural person or business, legal or governmental entity or association.

3.      "You," "your," or "Defendants" refers to:  Defendants Trump, DOL, Micone, OMB, Vought, DOJ, and Bondi, their agents, employees, investigators, experts, insurers, attorneys, or other representatives, and their attorneys' agents, employees and investigators.

2

When "you" (or "your" or "Defendants") is used in a Discovery Request, or a part thereof, it is intended that the answer to the Discovery Request, or part thereof, is to include all information known to Defendants, their agents, employees, investigators, experts, insurers, attorneys, guardian ad litem, or other representatives, and their attorneys' agents, employees, and investigators.

4.      "Relating to," "regarding," "with respect to," or "concerning" mean, without limitation, the following concepts: referring to, describing, evidencing, or constituting in any way, in whole or in part, explicitly or implicitly. Documents are considered to relate to the subject matter whether they are viewed alone or in combination with other Documents.

5.      "Anti-Diversity EOs" refers to Executive Order 14151, titled "Ending Radical and Wasteful Government DEI Programs and Preferencing," signed by President Trump on January 20, 2025, Exec. Order No. 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025), and Executive Order 14173, titled "Ending Illegal Discrimination and Restoring Merit-Based Opportunity" signed by President Trump on January 21, 2025, Exec. Order No. 14173, 90 Fed. Reg. 8663 (Jan. 21, 2025).

## II.    INSTRUCTIONS

1.      Unless otherwise specified, these Discovery Requests call for documents and other information prepared, created, sent, altered, or received on or after January 1, 2025 to the present.

2.      The terms "and" and "or" shall be construed as broadly as possible to bring within the scope of the Requests any documents that might otherwise be construed to be outside the scope, so as to give the broadest possible meaning to a particular request in which either or both is used. The singular number includes the plural, and vice versa. The masculine includes

the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

3.      These Discovery Requests require Defendants to produce Documents that are in their possession, custody, or control, as well as Documents in the possession, custody, or control of any of Defendants' directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other Person acting on Defendants' behalf.

4.      If an answer to any Discovery Request is objected to on the grounds that the Discovery Request is unduly burdensome, Defendants must describe the burden or expense associated with answering.

5.      Notwithstanding any definition set forth above, each word, term, or phrase used in these Discovery Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

6.      If any responsive Document was, but is no longer, in Defendants' possession, custody, or control, please state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of.  For each instance, please state the date or approximate date of such disposition and explain the circumstances surrounding such disposition.

7.      Pursuant to the Federal Rules of Civil Procedure, Defendants are to produce for inspection and copying Documents as they are kept in the usual course of business. Responsive Documents shall be produced in their native format (e.g., PST, MSG) or, if native format is not feasible, in a PDF format with accompanying metadata.  Documents shall be produced in the order in which they appear in Defendants' files, and Documents shall not be shuffled or otherwise rearranged. Documents that were stapled, clipped, or otherwise fastened together in their original condition

shall be produced in such form.

8.      If any portion of any Document is responsive to any Request, then the entire Document must be produced. If any requested Document cannot be produced in full, please produce the Document to the fullest extent possible, specifying each reason for Defendants' inability to produce the remainder of the Document.

9.      If an identical copy appears in more than one individual's files, each of the copies shall be produced.

10.     If in responding to these Document requests Defendants claim an ambiguity in interpreting either a particular request or a definition or instruction, that claim shall not be used as a basis for refusing to respond. Instead, Defendants shall set forth as part of their written response the language deemed to be ambiguous and the interpretation used in responding.

11.     Each Discovery Request shall be construed and answered separately and shall not be combined for the purpose of supplying a common response thereto. Each answer shall set forth verbatim the Discovery Request to which it responds. The answer to a Discovery Request shall not be supplied by referring to the answer to another Discovery Request, unless the Discovery Request referred to supplies a complete and accurate answer to the Request being answered. The specificity of any Discovery Request shall not be construed or understood as limiting the generality or breadth of any other Discovery Request.

12.     If Defendants object to any Discovery Request, state in full the basis for the objection. If Defendants object to part of a Discovery Request, specify the portion of the request to which Defendants object and answer as much of the request as is not objectionable.

13.     If a portion of any responsive Document is protected from disclosure by privilege, work product, or any other reason, such Document must be produced with redaction

5

of the portion claimed to be protected from production.

14.     The instructions relating to the assertion of claims of privilege set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure are hereby incorporated by reference. With respect to each responsive Document called for by these Discovery Requests that are withheld under a claim of privilege or otherwise, state separately for each Document withheld:

      a.  the nature of the privilege or immunity that is being claimed;

      b.  the type of Document;

      c.  the general subject matter of the Document;

      d.  the date of the Document;

      e.  the custodian from whose possession the Document is being produced;

      f.  the author(s) of the Document;

      g.  the addressee(s) and/or recipient(s) of the Document; and

      h.  where not apparent, the relationship of the author(s) and addressee(s).

15.     All Discovery Request herein shall be construed to include any supplemental Documents responsive to these requests that are later discovered and that are required to be produced pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

### III.     REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents relating to any guidance, interpretation of, or application of the Anti-Diversity EOs, including enforcement, compliance, termination, or certification, issued or promulgated by any Executive Branch agency, including but not limited to fact sheets, press releases, press statements, internal guidance to agencies and law enforcement, and guidance to government contractors or government grantees.

**REQUEST FOR PRODUCTION NO. 2:**

      All Documents provided to government contractors or grantees regarding the Anti-Diversity EOs by Defendants or any Executive Branch official or agency, including, but not limited to: all documents used to instruct awardees, grantees, or contractors concerning compliance with the Anti-Diversity EOs; all communications terminating grants; all communications evaluating whether to terminate grants; and all communications seeking information on particular grants or programs that purportedly violate or relate to the Anti-Diversity EOs.

**REQUEST FOR PRODUCTION NO. 3:**

      All Documents provided to government contractors, grantees, and/or recipients of federal funding terminating or threatening to terminate those contracts or grants because the contractor or grantee sponsors, supports, advocates for, or is otherwise involved in activities that relate to diversity, equity, or inclusion or DEI whether or not those activities are funded by federal grants, aid, or government monies.

**REQUEST FOR PRODUCTION NO. 4**

      All Documents related to search terms, phrases, or methodologies you approved for use in identifying awards, grants, or contracts for review based on the Anti-Diversity EOs.

**REQUEST FOR PRODUCTION NO. 5:**

      All Documents provided to government contractors, grantees, and/or recipients of government funding relating to actions taken or considered by Defendants or any Executive Branch official or agency related to the Anti-Diversity EOs, including communications to or from contractors or recipients of government money regarding modifications to their programs; communications to or from contractors or grantees seeking additional information or guidance

on how to comply with the Anti-Diversity EOs; and communications relating to any disagreements with awardees, grantees, or contractors as to compliance with the Anti-Diversity EOs, including any notices or warnings of violation or breach of current grant obligations.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents sufficient to show all grants that Defendants or any Executive Branch official or agency have terminated or identified for termination based on or as a result of Anti-Diversity EOs, including but not limited to because those grants are "equity related."

**REQUEST FOR PRODUCTION NO. 7:**

All Documents relating to all grants or fundings that Defendants or any Executive Branch official or agency have terminated, have threatened to terminate, considered for termination, or identified for termination on the grounds that the grants or fundings or government contractor or recipient of government monies sponsor, support, advocate for, or is otherwise involved in activities that relate to diversity, equity, or inclusion or DEIA.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents relating to awards, contracts or obligations to which CWIT acts as the primary or sub-awardee, sub-grantee, or sub-contractor (collectively "Current Obligations")

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications related to CWIT, including but not limited to memoranda analyzing the terms of any Current Obligations on the basis of the Anti-Diversity EOs, and memoranda analyzing any program or grant run by or affiliated with CWIT.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents related to Defendants' decision to terminate grants issued pursuant to the Women in Apprenticeship and Nontraditional Occupations Act, other than CWIT's.

**REQUEST FOR PRODUCTION NO. 11:**

      All Documents reflecting Defendants' or any Executive Branch official's or agency's definition of the words "diversity," "equity," "inclusion," or "accessibility" in relation to the Anti-Diversity EOs.

**REQUEST FOR PRODUCTION NO. 12:**

      All Documents related to Defendants' or any Executive Branch official's or agency's definition of the terms "DEI," "DEIA," or "equity-related" in relation to the Anti-Diversity EOs.

**REQUEST FOR PRODUCTION NO. 13:**

      All Documents related to Defendants' or any Executive Branch official's or agency's determination that any "equity-related" programming, or programming related to DEI or DEI violates federal antidiscrimination laws.

**REQUEST FOR PRODUCTION NO. 14:**

      All Documents issued or promulgated by any Executive Branch agency relating to any guidance, interpretation of, or application of the False Claims Act in relation to the Anti-Diversity EOs, including but not limited to fact sheets, press releases, press statements, internal guidance to agencies and law enforcement, and guidance to government contractors or government grantees.

**REQUEST FOR PRODUCTION NO. 15:**

      For each interrogatory set forth in Plaintiffs' First Interrogatories, produce all Documents which Defendant referred to, relied upon, consulted or used in any way in answering such interrogatory.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents that contain or otherwise relate to the facts or information that Defendants contend refute, in any way, the allegations contained in the Complaint in this action.

Dated: May 28, 2025

/s/ *Jason P. Stiehl*
Jason P. Stiehl
CROWELL & MORING LLP
455 N Cityfront Plaza Dr.
Suite 3600
Chicago IL 60611
Tel: (312) 840-3108
jstiehl@crowell.com


/s/ *Meshach Y. Rhoades*
Meshach Y. Rhoades*
CROWELL & MORING LLP
1601 Wewatta Street
Suite 815
Denver, CO 80202
Tel: (303) 524-8660
mrhoades@crowell.com

/s/ *Sabrina A. Talukder*
Sabrina A. Talukder*
Kathryn J. Youker
Adria J. Bonillas
Olivia Sedwick
Gillian Cassell-Stiga
Lawyers' Committee for Civil Rights
Under Law
1500 K Street, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
stalukder@lawyerscommittee.org

/s/ *Anuj Vohra*
Anuj Vohra
Keith J. Harrison*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500
avohra@crowell.com
kharrison@crowell.com


/s/ *Warrington Parker*
Warrington Parker*
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800
wparker@crowell.com


Elizabeth E. Theran
Adrienne DerVartanian
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
etheran@nwlc.org
adervartanian@nwlc.org

Lourdes M. Rosado*
Rafaela Uribe*
LATINOJUSTICE PRLDEF

kyouker@lawyerscommittee.org
abonillas@lawyerscommittee.org
osedwick@lawyerscommittee.org
gcassell-stiga@lawyerscommittee.org

475 Riverside Drive, Suite 1901
New York, NY 10115
Telephone: (212) 739-7583
lrosado@latinojustice.org
ruribe@latinojustice.org

Aneel L. Chablani (No. 6242658)
Ami D. Gandhi (No. 6282924)
Chicago Lawyers' Committee for
Civil Rights
100 N. LaSalle St., Ste. 600
Chicago, IL 60602
Telephone: (312) 630-9744
Facsimile: (312) 630-1127
achablani@clccrul.org
agandhi@clccrul.org

*Attorneys for Chicago Women in Trades*

*Pro hac vice motion forthcoming*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 28, 2025 I caused the foregoing PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS to be served via electronic mail on counsel for Defendants.

<u>/s/ <i>Jason P. Stiehl</i></u>
Jason P. Stiehl

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHICAGO WOMEN IN TRADES, | |
|      Plaintiff, | |
| v. | Case No. 1:25-cv-02005 |
| | Judge: Hon. Matthew F. Kennelly |
| PRESIDENT DONALD J. TRUMP, DEPARTMENT OF LABOR, ACTING SECRETARY OF LABOR VINCENT MICONE, OFFICE OF MANAGEMENT AND BUDGET, DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET RUSSELL VOUGHT, U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE PAMELA BONDI, | JURY TRIAL DEMANDED |
|      Defendants. | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS U.S. DEPARTMENT OF JUSTICE AND ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE PAMELA BONDI

Pursuant to Federal Rules of Civil Procedure 26 and 33, Chicago Women in Trades ("CWIT" or "Plaintiff") requests that Defendants U.S. Department of Justice ("DOJ") and Attorney General of the U.S. Department of Justice Pamela Bondi ("Bondi") respond to the following Interrogatories ("Interrogatories" or "Requests") within thirty (30) days of the date of service, and in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

These Interrogatories are continuing in nature, and Defendants must reasonably supplement or amend their answers and responses to these Requests pursuant to the Federal Rules of Civil Procedure to include certain types of information, specified in the rules, which they later acquire.

1

## I.    DEFINITIONS

For the purposes of these Discovery Requests, the following definitions apply:

1.      "Person" means any natural person or business, legal or governmental entity or association.

2.      "You," "Your," or "Defendants" refers to: Defendants DOJ and Bondi, their agents, employees, investigators, experts, insurers, attorneys, or other representatives, and their attorneys' agents, employees and investigators. When "You" (or "Your" or "Defendants") is used in a Discovery Request, or a part thereof, it is intended that the answer to the Discovery Request, or part thereof, is to include all information known to Defendants, their agents, employees, investigators, experts, insurers, attorneys, or other representatives, and their attorneys' agents, employees, and investigators.

3.      "Identify," or a request for someone's "identity," when used with reference to an individual person, means to state his or her full name, and present job title (if applicable), last known contact information (business address, email address and telephone numbers), and relationship to You (current or former employee and job title at relevant time). The term "identify" or a request for an "identity," when used with reference to documents, means to state specifically (a) the type of document involved (e.g., whether inter-office memorandum, etc.), together with information sufficient to enable Plaintiff to identify the document, including the date it was created, modified, and distributed; the name of each person who helped create, store or maintain it; the name of each addressee; the title or heading of the document and its approximate number of pages, and (b) the identity of the person last known to have possession of the document, together with the present or last known location of the document.

4.      "Relating to," "regarding," "with respect to," or "concerning" mean, without

2

limitation, the following concepts: referring to, describing, evidencing, or constituting in any way, in whole or in part, explicitly or implicitly. Information is considered to relate to the subject matter whether viewed alone or in combination with other information.

5. "Describe in detail" as used in these Interrogatories means a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to the subject matter of a specific interrogatory.

6. "Anti-Diversity EOs" refers collectively to Executive Order 14151, titled "Ending Radical and Wasteful Government DEI Programs and Preferencing," signed by President Trump on January 20, 2025, Exec. Order No. 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025), and Executive Order 14173, titled "Ending Illegal Discrimination and Restoring Merit-Based Opportunity" signed by President Trump on January 21, 2025, Exec. Order No. 14173, 90 Fed. Reg. 8663 (Jan. 21, 2025).

## II.    INSTRUCTIONS

1. Unless otherwise specified, these Interrogatories call for information created, sent, altered, prepared, or received on or after January 1, 2025 to the present.

2. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of the Requests any documents that might otherwise be construed to be outside the scope, so as to give the broadest possible meaning to a particular request in which either or both is used. The singular number includes the plural, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

3. If an answer to any Interrogatory is objected to on the grounds that the Discovery Request is unduly burdensome, Defendants must describe the burden or expense associated with

DCACTIVE-80316545.1

answering.

4.     Notwithstanding any definition set forth above, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

5.     If any Interrogatory cannot be fully and completely answered after exercising due diligence, making inquiry, and securing the necessary information, Defendants shall: (i) so declare in their interrogatory response; (ii) answer each such Interrogatory to the fullest extent possible; (iii) specify the portion of each Interrogatory that Defendants claim they are unable to answer fully and completely; (iv) state the facts upon which they rely to support the contention that Defendants are unable to answer the Interrogatory wholly and completely; (v) state what knowledge, information or belief Defendants have concerning the unanswered portion of each such Interrogatory; and (vi) identify each Document or source from which more complete information is obtainable.

6.     If in responding to these Interrogatories Defendants claim an ambiguity in interpreting either a particular request or a definition or instruction, that claim shall not be used as a basis for refusing to respond. Instead, Defendants shall set forth as part of their written response the language deemed to be ambiguous and the interpretation used in responding.

7.     Each Interrogatory request shall be construed and answered separately and shall not be combined for the purpose of supplying a common response thereto. Each answer shall set forth verbatim the Interrogatory to which it responds. The answer to an Interrogatory shall not be supplied by referring to the answer to another Interrogatory, unless the Interrogatory referred to supplies a complete and accurate answer to the Interrogatory being answered. The specificity of any Interrogatory shall not be construed or understood as limiting the generality or breadth of any other Interrogatory.

8.     If Defendants object to any Interrogatory, state in full the basis for the objection.

4

If Defendants object to part of an Interrogatory, specify the portion of the Interrogatory to which Defendants object and answer as much of the request as is not objectionable.

9.     The instructions relating to the assertion of claims of privilege set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure are hereby incorporated by reference. With respect to information called for by these Interrogatories that are withheld under a claim of privilege or otherwise, state fully the nature of the privilege or immunity that is being claimed.

10.     All Interrogatories herein shall be construed to include any supplemental information responsive to these requests that are later discovered and that are required to be produced pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

### III.   INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all grants that Defendants have terminated or threatened to terminate based on or as a result of the Anti-Diversity EOs, including but not limited to because Defendant(s) deemed those grants to be "equity related" and/or because Defendant(s) determined that a "counterparty or recipient . . . operate[s] [ ] programs promoting DEI that violate [ ] applicable Federal anti-discrimination laws," and/or because a grantee refused "to certify that it does not operate any programs promoting DEI that violate any applicable Federal anti-discrimination laws." For purposes of this interrogatory, "Identify" requests Defendant(s) to provide the name of the grant, the recipient of the grant, the amount of the grant, and the term of the grant.

**INTERROGATORY NO. 2:**

Identify all individuals within DOJ that have responsibility for determining whether a grant should be terminated based on, or as a result of the Anti-Diversity EOs, including but not limited to individuals responsible for determining whether a grant is "equity related" or

DCACTIVE-80316545.1

promotes or is in any way related to DEI or DEIA.

**INTERROGATORY NO. 3:**

Identify all grants that Defendants have terminated or identified for termination because Defendant (s) have deemed they contain programming, promote, or in any way relates, to DEI or DEIA.

**INTERROGATORY NO. 4:**

Describe in detail the process or methodology by which CWIT was identified as a grantee administering programs potentially in violation of the Anti-Diversity EOs, including but not limited to, the source and type of information used, standards applied, the identities and roles of each person who participated, including persons involved in deciding what process, methodology, standards specifying any computerized search tool or program used in the process.

**INTERROGATORY NO. 5:**

Describe in detail the process or methodology by which Defendants identify grant programs that may be subject to compliance with the Anti-Diversity EOs, including but not limited to specifying any computerized search tool or program used in the process or methodology.

**INTERROGATORY NO. 6:**

Describe in detail what "illegal DEI" and "illegal DEIA" mean as those terms are used at Section 2(a) of Executive Order 14151.

**INTERROGATORY NO. 7:**

Describe in detail how Defendants identify "DEI or DEIA performance requirements" as those terms are used in Section 2(b)(i) of Executive Order 14151.

6

**INTERROGATORY NO. 8:**

Describe in detail what "equity-related grants" means as those terms are used in the Anti-Diversity EOs.

**INTERROGATORY NO. 9:**

Describe in detail what "DEI hires" means as that term is used in the Anti-Diversity EOs.

**INTERROGATORY NO. 10:**

Describe in detail how You determined that CWIT's programs constitute illegal DEI in violation of the Anti-Diversity EOs.

**INTERROGATORY NO. 11:**

Describe in detail what "to provide or advance DEI, DEIA, or 'environmental justice' programs, services, or activities" means as those terms are used in the Anti-Diversity EOs.

**INTERROGATORY NO. 12:**

Identify any guidance or instruction that has been promulgated or issued related to the administration or enforcement of the Anti-Diversity EOs, including but not limited to any instructions regarding how to determine whether grants or grant programs are "equity related" or contain DEI or DEI that violate federal antidiscrimination laws.

**INTERROGATORY NO. 13:**

Identify the basis for Defendant's termination of all grants issued pursuant to the Women in Apprenticeship and Nontraditional Occupations Act other than CWIT's, including all individuals involved in the decision and any documents relied upon in making the termination decision.

DCACTIVE-80316545.1

**INTERROGATORY NO. 14:**

Identify all grants or grant programs Defendants have terminated because Defendant(s) have deemed those grants or grant programs promoted or contained DEI or DEIA that violated federal antidiscrimination laws, and for each such grant or grant program, identify the specific antidiscrimination laws that were violated, and how the terminated grants or grant programs violated those laws.

**INTERROGATORY NO. 15:**

With respect to any grants identified in response to Interrogatory No. 14, explain how Defendants determined that termination of the grant was permissible given the constraint "to the maximum extent allowed by law" contained in Section 2(b)(i) of Executive Order 14151.

**INTERROGATORY NO. 16**

Identify all guidance, instructions, or directions received by or created by Defendants related to the Certification Provision of Executive Order 14173 (Section 3(b)(iv)(B)), and the application of Section 3729(b)(4) of Title 31, United States Code, to any certifications made pursuant to the Certification Provision.

Dated: May 28, 2025

/s/ *Jason P. Stiehl*
Jason P. Stiehl
CROWELL & MORING LLP
455 N Cityfront Plaza Dr.
Suite 3600
Chicago IL 60611
Tel: (312) 840-3108
jstiehl@crowell.com

/s/ *Anuj Vohra*
Anuj Vohra
Keith J. Harrison*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500
avohra@crowell.com
kharrison@crowell.com

DCACTIVE-80316545.1

/s/ *Meshach Y. Rhoades*
Meshach Y. Rhoades*
CROWELL & MORING LLP
1601 Wewatta Street
Suite 815
Denver, CO 80202
Tel: (303) 524-8660
mrhoades@crowell.com

/s/ *Sabrina A. Talukder*
Sabrina A. Talukder*
Kathryn J. Youker
Adria J. Bonillas
Olivia Sedwick
Gillian Cassell-Stiga
Lawyers' Committee for Civil Rights
Under Law
1500 K Street, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
stalukder@lawyerscommittee.org
kyouker@lawyerscommittee.org
abonillas@lawyerscommittee.org
osedwick@lawyerscommittee.org
gcassell-stiga@lawyerscommittee.org

Aneel L. Chablani (No. 6242658)
Ami D. Gandhi (No. 6282924)
Chicago Lawyers' Committee for
Civil Rights
100 N. LaSalle St., Ste. 600
Chicago, IL 60602
Telephone: (312) 630-9744
Facsimile: (312) 630-1127
achablani@clccrul.org
agandhi@clccrul.org

/s/ *Warrington Parker*
Warrington Parker*
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800
wparker@crowell.com

Elizabeth E. Theran
Adrienne DerVartanian
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
etheran@nwlc.org
adervartanian@nwlc.org

Lourdes M. Rosado*
Rafaela Uribe*
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
Telephone: (212) 739-7583
lrosado@latinojustice.org
ruribe@latinojustice.org

*Attorneys for Chicago Women in Trades*

*Pro hac vice motion forthcoming*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025 I caused the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS U.S. DEPARTMENT OF JUSTICE AND ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE PAMELA BONDI to be served via electronic mail on counsel for Defendants.

/s/ *Jason P. Stiehl*
Jason P. Stiehl

DCACTIVE-80316545.1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHICAGO WOMEN IN TRADES, | |
| Plaintiff, | |
| | Case No. 1:25-cv-02005 |
| v. | |
| | Judge: Hon. Matthew F. Kennelly |
| PRESIDENT DONALD J. TRUMP, DEPARTMENT OF LABOR, ACTING SECRETARY OF LABOR VINCENT MICONE, OFFICE OF MANAGEMENT AND BUDGET, DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET RUSSELL VOUGHT, U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE PAMELA BONDI, | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS DEPARTMENT OF LABOR AND ACTING SECRETARY OF LABOR VINCENT MICONE**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Chicago Women in Trades ("CWIT" or "Plaintiff") requests that Defendants Department of Labor ("DOL") and Acting Secretary of Labor Vincent Micone ("Micone") respond to the following Interrogatories ("Interrogatories" or "Requests") within thirty (30) days of the date of service, and in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

These Interrogatories are continuing in nature, and Defendants must reasonably supplement or amend their answers and responses to these Requests pursuant to the Federal Rules of Civil Procedure to include certain types of information, specified in the rules, which they later acquire.

1

## I.    DEFINITIONS

For the purposes of these Discovery Requests, the following definitions apply:

1.      "Person" means any natural person or business, legal or governmental entity or association.

2.      "You," "Your," or "Defendants" refers to:  Defendants DOL and Micone, their agents, employees, investigators, experts, insurers, attorneys, or other representatives, and their attorneys' agents, employees and investigators.  When "You" (or "Your" or "Defendants") is used in a Discovery Request, or a part thereof, it is intended that the answer to the Discovery Request, or part thereof, is to include all information known to Defendants, their agents, employees, investigators, experts, insurers, attorneys, or other representatives, and their attorneys' agents, employees, and investigators.

3.      "Identify," or a request for someone's "identity," when used with reference to an individual person, means to state his or her full name, and present job title (if applicable), last known contact information (business address, email address and telephone numbers), and relationship to You (current or former employee and job title at relevant time).  The term "identify" or a request for an "identity," when used with reference to documents, means to state specifically (a) the type of document involved (e.g., whether inter-office memorandum, etc.), together with information sufficient to enable Plaintiff to identify the document, including the date it was created, modified, and distributed; the name of each person who helped create, store or maintain it; the name of each addressee; the title or heading of the document and its approximate number of pages, and (b) the identity of the person last known to have possession of the document, together with the present or last known location of the document.

4.      "Relating to," "regarding," "with respect to," or "concerning" mean, without

2

limitation, the following concepts: referring to, describing, evidencing, or constituting in any way, in whole or in part, explicitly or implicitly. Information is considered to relate to the subject matter whether viewed alone or in combination with other information.

5. "Describe in detail" as used in these Interrogatories means a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to the subject matter of a specific interrogatory.

6. "Anti-Diversity EOs" refers collectively to Executive Order 14151, titled "Ending Radical and Wasteful Government DEI Programs and Preferencing," signed by President Trump on January 20, 2025, Exec. Order No. 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025), and Executive Order 14173, titled "Ending Illegal Discrimination and Restoring Merit-Based Opportunity" signed by President Trump on January 21, 2025, Exec. Order No. 14173, 90 Fed. Reg. 8663 (Jan. 21, 2025).

## II.    INSTRUCTIONS

1. Unless otherwise specified, these Interrogatories call for information created, sent, altered, prepared, or received on or after January 1, 2025 to the present.

2. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of the Requests any documents that might otherwise be construed to be outside the scope, so as to give the broadest possible meaning to a particular request in which either or both is used. The singular number includes the plural, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

3. If an answer to any Interrogatory is objected to on the grounds that the Discovery Request is unduly burdensome, Defendants must describe the burden or expense associated with

3

answering.

4.      Notwithstanding any definition set forth above, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

5.      If any Interrogatory cannot be fully and completely answered after exercising due diligence, making inquiry, and securing the necessary information, Defendants shall: (i) so declare in their interrogatory response; (ii) answer each such Interrogatory to the fullest extent possible; (iii) specify the portion of each Interrogatory that Defendants claim they are unable to answer fully and completely; (iv) state the facts upon which they rely to support the contention that Defendants are unable to answer the Interrogatory wholly and completely; (v) state what knowledge, information or belief Defendants have concerning the unanswered portion of each such Interrogatory; and (vi) identify each Document or source from which more complete information is obtainable.

6.      If in responding to these Interrogatories Defendants claim an ambiguity in interpreting either a particular request or a definition or instruction, that claim shall not be used as a basis for refusing to respond. Instead, Defendants shall set forth as part of their written response the language deemed to be ambiguous and the interpretation used in responding.

7.      Each Interrogatory request shall be construed and answered separately and shall not be combined for the purpose of supplying a common response thereto. Each answer shall set forth verbatim the Interrogatory to which it responds. The answer to an Interrogatory shall not be supplied by referring to the answer to another Interrogatory, unless the Interrogatory referred to supplies a complete and accurate answer to the Interrogatory being answered. The specificity of any Interrogatory shall not be construed or understood as limiting the generality or breadth of any other Interrogatory.

8.      If Defendants object to any Interrogatory, state in full the basis for the objection.

4

If Defendants object to part of an Interrogatory, specify the portion of the Interrogatory to which Defendants object and answer as much of the request as is not objectionable.

9.     The instructions relating to the assertion of claims of privilege set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure are hereby incorporated by reference. With respect to information called for by these Interrogatories that are withheld under a claim of privilege or otherwise, state fully the nature of the privilege or immunity that is being claimed.

10.     All Interrogatories herein shall be construed to include any supplemental information responsive to these requests that are later discovered and that are required to be produced pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

### III.    INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all grants that Defendants have terminated or threatened to terminate based on or as a result of the Anti-Diversity EOs, including but not limited to because Defendant(s) deemed those grants to be "equity related" and/or because Defendant(s) determined that a "counterparty or recipient . . . operate[s] [ ] programs promoting DEI that violate [ ] applicable Federal anti-discrimination laws," and/or because a grantee refused "to certify that it does not operate any programs promoting DEI that violate any applicable Federal anti-discrimination laws."   For purposes of this interrogatory, "Identify" requests Defendant(s) to provide the name of the grant, the recipient of the grant, the amount of the grant, and the term of the grant.

**INTERROGATORY NO. 2:**

Identify all individuals within DOL that have responsibility for determining whether a grant should be terminated based on or as a result of the Anti-Diversity EOs, including but not limited to individuals responsible for determining whether a grant is "equity related" or

DCACTIVE-80316529.2

promotes or is in any way related to DEI or DEIA.

**INTERROGATORY NO. 3:**

Identify all grants that Defendants have terminated or identified for termination because Defendant (s) have deemed they contain programming, promote, or in any way relates, to DEI or DEIA.

**INTERROGATORY NO. 4:**

Describe in detail the process or methodology by which CWIT was identified as a grantee administering programs potentially in violation of the Anti-Diversity EOs, including but not limited to, the source and type of information used, standards applied, the identities and roles of each person who participated, including persons involved in deciding what process, methodology, standards specifying any computerized search tool or program used in the process.

**INTERROGATORY NO. 5:**

Describe in detail the process or methodology by which Defendants identify grant programs that may be subject to termination on the basis of the Anti-Diversity EOs, including but not limited to identifying any computerized search tool or program used in the process or methodology.

**INTERROGATORY NO. 6:**

Describe in detail what "illegal DEI" and "illegal DEIA" mean as those terms are used at Section 2(a) of Executive Order 14151.

**INTERROGATORY NO. 7:**

Describe in detail how Defendants identify "DEI or DEIA performance requirements" as those terms are used in Section 2(b)(i) of Executive Order 14151.

6

**INTERROGATORY NO. 8:**

Describe in detail what "equity-related grants" means as those terms are used in the Anti-Diversity EOs.

**INTERROGATORY NO. 9:**

Describe in detail what "DEI hires" means as that term is used in the Anti-Diversity EOs.

**INTERROGATORY NO. 10:**

Describe in detail how You determined that CWIT's programs constitute illegal DEI in violation of the Anti-Diversity EOs.

**INTERROGATORY NO. 11:**

Describe in detail what "to provide or advance DEI, DEIA, or 'environmental justice' programs, services, or activities" means as those terms are used in the Anti-Diversity EOs.

**INTERROGATORY NO. 12:**

Identify any guidance or instruction that has been promulgated or issued related to the administration or enforcement of the Anti-Diversity EOs, including but not limited to any instructions regarding how to determine whether grants or grant programs are "equity related" or contain DEI or DEI that violate federal antidiscrimination laws.

**INTERROGATORY NO. 13:**

Identify the basis for Defendant's termination of all grants issued pursuant to the Women in Apprenticeship and Nontraditional Occupations Act other than CWIT's, including all individuals involved in the decision and any documents relied upon in making the termination decision.

DCACTIVE-80316529.2

**INTERROGATORY NO. 14:**

Identify all grants or grant programs Defendants have terminated because Defendant(s) have deemed those grants or grant programs promoted or contained DEI or DEIA that violated federal antidiscrimination laws, and for each such grant or grant program, identify the specific antidiscrimination laws that were violated, and how the terminated grants or grant programs violated those laws.

**INTERROGATORY NO. 15:**

With respect to any grants identified in response to Interrogatory No. 14, explain how Defendants determined that termination of the grant was permissible given the constraint "to the maximum extent allowed by law" contained in Section 2(b)(i) of Executive Order 14151.

**INTERROGATORY NO. 16**

Identify all guidance, instructions, or directions received by or created by Defendants related to the Certification Provision of Executive Order 14173 (Section 3(b)(iv)(B)), and the application of Section 3729(b)(4) of Title 31, United States Code, to any certifications made pursuant to the Certification Provision.


Dated: May 28, 2025


/s/ *Jason P. Stiehl*
Jason P. Stiehl
CROWELL & MORING LLP
455 N Cityfront Plaza Dr.
Suite 3600
Chicago IL 60611
Tel: (312) 840-3108
jstiehl@crowell.com

/s/ *Anuj Vohra*
Anuj Vohra
Keith J. Harrison*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500
avohra@crowell.com
kharrison@crowell.com

8

/s/ *Meshach Y. Rhoades*
Meshach Y. Rhoades*
CROWELL & MORING LLP
1601 Wewatta Street
Suite 815
Denver, CO 80202
Tel: (303) 524-8660
mrhoades@crowell.com

/s/ *Sabrina A. Talukder*
Sabrina A. Talukder*
Kathryn J. Youker
Adria J. Bonillas
Olivia Sedwick
Gillian Cassell-Stiga
Lawyers' Committee for Civil Rights
Under Law
1500 K Street, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
stalukder@lawyerscommittee.org
kyouker@lawyerscommittee.org
abonillas@lawyerscommittee.org
osedwick@lawyerscommittee.org
gcassell-stiga@lawyerscommittee.org

Aneel L. Chablani (No. 6242658)
Ami D. Gandhi (No. 6282924)
Chicago Lawyers' Committee for
Civil Rights
100 N. LaSalle St., Ste. 600
Chicago, IL 60602
Telephone: (312) 630-9744
Facsimile: (312) 630-1127
achablani@clccrul.org
agandhi@clccrul.org

/s/ *Warrington Parker*
Warrington Parker*
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 986-2800
wparker@crowell.com

Elizabeth E. Theran
Adrienne DerVartanian
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
etheran@nwlc.org
adervartanian@nwlc.org

Lourdes M. Rosado*
Rafaela Uribe*
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
Telephone: (212) 739-7583
lrosado@latinojustice.org
ruribe@latinojustice.org

*Attorneys for Chicago Women in Trades*

*\*Pro hac vice motion forthcoming*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025 I caused the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS DEPARTMENT OF LABOR AND ACTING SECRETARY OF LABOR VINCENT MICONE to be served via electronic mail on counsel for Defendants.

_/s/ Jason P. Stiehl_
Jason P. Stiehl

10

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHICAGO WOMEN IN TRADES, | |
| Plaintiff, | |
| v. | Case No. 1:25-cv-02005 |
| | Judge: Hon. Matthew F. Kennelly |
| PRESIDENT DONALD J. TRUMP, DEPARTMENT OF LABOR, ACTING SECRETARY OF LABOR VINCENT MICONE, OFFICE OF MANAGEMENT AND BUDGET, DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET RUSSELL VOUGHT, U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE PAMELA BONDI, | JURY TRIAL DEMANDED |
| Defendants. | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS OFFICE OF MANAGEMENT AND BUDGET AND DIRECTOR OF OFFICE OF MANAGEMENT AND BUDGET RUSSELL VOUGHT

Pursuant to Federal Rules of Civil Procedure 26 and 33, Chicago Women in Trades ("CWIT" or "Plaintiff") requests that Defendants Office of Management and Budget ("OMB") and Director of the Office of Management and Budget Russel Vought ("Vought") respond to the following Interrogatories ("Interrogatories" or "Requests") within thirty (30) days of the date of service, and in accordance with the "DEFINITIONS" and "INSTRUCTIONS" set forth below.

These Interrogatories are continuing in nature, and Defendants must reasonably supplement or amend their answers and responses to these Requests pursuant to the Federal Rules of Civil Procedure to include certain types of information, specified in the rules, which

1

they later acquire.

## I.    DEFINITIONS

For the purposes of these Discovery Requests, the following definitions apply:

1.      "Person" means any natural person or business, legal or governmental entity or association.

2.      "You," "Your," or "Defendants" refers to: Defendants OMB and Vought, their agents, employees, investigators, experts, insurers, attorneys, or other representatives, and their attorneys' agents, employees and investigators. When "You" (or "Your" or "Defendants") is used in a Discovery Request, or a part thereof, it is intended that the answer to the Discovery Request, or part thereof, is to include all information known to Defendants, their agents, employees, investigators, experts, insurers, attorneys, or other representatives, and their attorneys' agents, employees, and investigators.

3.      "Identify," or a request for someone's "identity," when used with reference to an individual person, means to state his or her full name, and present job title (if applicable), last known contact information (business address, email address and telephone numbers), and relationship to You (current or former employee and job title at relevant time). The term "identify" or a request for an "identity," when used with reference to documents, means to state specifically (a) the type of document involved (e.g., whether inter-office memorandum, etc.), together with information sufficient to enable Plaintiff to identify the document, including the date it was created, modified, and distributed; the name of each person who helped create, store or maintain it; the name of each addressee; the title or heading of the document and its approximate number of pages, and (b) the identity of the person last known to have possession of the document, together with the present or last known location of the document.

2

4.     "Relating to," "regarding," "with respect to," or "concerning" mean, without limitation, the following concepts: referring to, describing, evidencing, or constituting in any way, in whole or in part, explicitly or implicitly. Information is considered to relate to the subject matter whether viewed alone or in combination with other information.

5.     "Describe in detail" as used in these Interrogatories means a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to the subject matter of a specific interrogatory.

6.     "Anti-Diversity EOs" refers collectively to Executive Order 14151, titled "Ending Radical and Wasteful Government DEI Programs and Preferencing," signed by President Trump on January 20, 2025, Exec. Order No. 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025), and Executive Order 14173, titled "Ending Illegal Discrimination and Restoring Merit-Based Opportunity" signed by President Trump on January 21, 2025, Exec. Order No. 14173, 90 Fed. Reg. 8663 (Jan. 21, 2025).

## II.     INSTRUCTIONS

1.     Unless otherwise specified, these Interrogatories call for information created, sent, altered, prepared, or received on or after January 1, 2025 to the present.

2.     The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of the Requests any documents that might otherwise be construed to be outside the scope, so as to give the broadest possible meaning to a particular request in which either or both is used. The singular number includes the plural, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

3.     If an answer to any Interrogatory is objected to on the grounds that the Discovery

3

Request is unduly burdensome, Defendants must describe the burden or expense associated with answering.

4.      Notwithstanding any definition set forth above, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

5.      If any Interrogatory cannot be fully and completely answered after exercising due diligence, making inquiry, and securing the necessary information, Defendants shall: (i) so declare in their interrogatory response; (ii) answer each such Interrogatory to the fullest extent possible; (iii) specify the portion of each Interrogatory that Defendants claim they are unable to answer fully and completely; (iv) state the facts upon which they rely to support the contention that Defendants are unable to answer the Interrogatory wholly and completely; (v) state what knowledge, information or belief Defendants have concerning the unanswered portion of each such Interrogatory; and (vi) identify each Document or source from which more complete information is obtainable.

6.      If in responding to these Interrogatories Defendants claim an ambiguity in interpreting either a particular request or a definition or instruction, that claim shall not be used as a basis for refusing to respond. Instead, Defendants shall set forth as part of their written response the language deemed to be ambiguous and the interpretation used in responding.

7.      Each Interrogatory request shall be construed and answered separately and shall not be combined for the purpose of supplying a common response thereto. Each answer shall set forth verbatim the Interrogatory to which it responds. The answer to an Interrogatory shall not be supplied by referring to the answer to another Interrogatory, unless the Interrogatory referred to supplies a complete and accurate answer to the Interrogatory being answered. The specificity of any Interrogatory shall not be construed or understood as limiting the generality or breadth of any other Interrogatory.

4

8.     If Defendants object to any Interrogatory, state in full the basis for the objection. If Defendants object to part of an Interrogatory, specify the portion of the Interrogatory to which Defendants object and answer as much of the request as is not objectionable.

9.     The instructions relating to the assertion of claims of privilege set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure are hereby incorporated by reference. With respect to information called for by these Interrogatories that are withheld under a claim of privilege or otherwise, state fully the nature of the privilege or immunity that is being claimed.

10.     All Interrogatories herein shall be construed to include any supplemental information responsive to these requests that are later discovered and that are required to be produced pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## III.     INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all grants that Defendants have terminated or threatened to terminate based on or as a result of the Anti-Diversity EOs, including but not limited to because Defendant(s) deemed those grants to be "equity related" and/or because Defendant(s) determined that a "counterparty or recipient . . . operate[s] [ ] programs promoting DEI that violate [ ] applicable Federal anti-discrimination laws," and/or because a grantee refused "to certify that it does not operate any programs promoting DEI that violate any applicable Federal anti-discrimination laws." For purposes of this interrogatory, "Identify" requests Defendant(s) to provide the name of the grant, the recipient of the grant, the amount of the grant, and the term of the grant.

### INTERROGATORY NO. 2:

Identify all individuals within OMB that have responsibility for determining whether a grant should be terminated based on or as a result of the Anti-Diversity EOs, including but not

5

limited to individuals responsible for determining whether a grant is "equity related" or promotes or is in any way related to DEI or DEIA.

**INTERROGATORY NO. 3:**

Identify all grants that Defendants have terminated or identified for termination because Defendant (s) have deemed they contain programming, promote, or in any way relates, to DEI or DEIA.

**INTERROGATORY NO. 4:**

Describe in detail the process or methodology by which CWIT was identified as a grantee administering programs potentially in violation of the Anti-Diversity EOs, including but not limited to, the source and type of information used, standards applied, the identities and roles of each person who participated, including persons involved in deciding what process, methodology, standards specifying any computerized search tool or program used in the process.

**INTERROGATORY NO. 5:**

Describe in detail the process or methodology by which Defendants identify grant programs that may be subject to compliance with the Anti-Diversity EOs, including but not limited to specifying any computerized search tool or program used in the process or methodology.

**INTERROGATORY NO. 6:**

Describe in detail what "illegal DEI" and "illegal DEIA" mean as those terms are used at Section 2(a) of Executive Order 14151.

**INTERROGATORY NO. 7:**

Describe in detail how Defendants identify "DEI or DEIA performance requirements" as

6

those terms are used in Section 2(b)(i) of Executive Order 14151.

**INTERROGATORY NO. 8:**

Describe in detail what "equity-related grants" means as those terms are used in the Anti-Diversity EOs.

**INTERROGATORY NO. 9:**

Describe in detail what "DEI hires" means as that term is used in the Anti-Diversity EOs.

**INTERROGATORY NO. 10:**

Describe in detail how you determined that CWIT's programs constitute illegal DEI in violation of the Anti-Diversity EOs.

**INTERROGATORY NO. 11:**

Describe in detail what "to provide or advance DEI, DEIA, or 'environmental justice' programs, services, or activities" means as those terms are used in the Anti-Diversity EOs.

**INTERROGATORY NO. 12:**

Identify any guidance or instruction that has been promulgated or issued related to the administration or enforcement of the Anti-Diversity EOs, including but not limited to any instructions regarding how to determine whether grants or grant programs are "equity related" or contain DEI or DEI that violate federal antidiscrimination laws.

**INTERROGATORY NO. 13:**

Identify the basis for Defendant's termination of all grants issued pursuant to the Women in Apprenticeship and Nontraditional Occupations Act other than CWIT's, including all individuals involved in the decision and any documents relied upon in making the termination decision

DCACTIVE-80316538.2

**INTERROGATORY NO. 14:**

Identify all grants or grant programs Defendants have terminated because Defendant(s) have deemed those grants or grant programs promoted or contained DEI or DEIA that violated federal antidiscrimination laws, and for each such grant or grant program, identify the specific antidiscrimination laws that were violated, and how the terminated grants or grant programs violated those laws.

**INTERROGATORY NO. 15:**

With respect to any grants identified in response to Interrogatory No. 14, explain how Defendants determined that termination of the grant was permissible given the constraint "to the maximum extent allowed by law" contained in Section 2(b)(i) of Executive Order 14151.

**INTERROGATORY NO. 16**

Identify all guidance, instructions, or directions received by or created by Defendants related to the Certification Provision of Executive Order 14173 (Section 3(b)(iv)(B)), and the application of Section 3729(b)(4) of Title 31, United States Code, to any certifications made pursuant to the Certification Provision.

Dated: May 28, 2025

/s/ *Jason P. Stiehl*
Jason P. Stiehl
CROWELL & MORING LLP
455 N Cityfront Plaza Dr.
Suite 3600
Chicago IL 60611
Tel: (312) 840-3108
jstiehl@crowell.com

/s/ *Anuj Vohra*
Anuj Vohra
Keith J. Harrison*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500
avohra@crowell.com
kharrison@crowell.com

/s/ *Meshach Y. Rhoades*
Meshach Y. Rhoades*
CROWELL & MORING LLP
1601 Wewatta Street

/s/ *Warrington Parker*
Warrington Parker*
CROWELL & MORING LLP

8

Suite 815
Denver, CO 80202
Tel: (303) 524-8660
mrhoades@crowell.com

/s/ *Sabrina A. Talukder*
Sabrina A. Talukder*
Kathryn J. Youker
Adria J. Bonillas
Olivia Sedwick
Gillian Cassell-Stiga
Lawyers' Committee for Civil Rights
Under Law
1500 K Street, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857
stalukder@lawyerscommittee.org
kyouker@lawyerscommittee.org
abonillas@lawyerscommittee.org
osedwick@lawyerscommittee.org
gcassell-stiga@lawyerscommittee.org


Aneel L. Chablani (No. 6242658)
Ami D. Gandhi (No. 6282924)
Chicago Lawyers' Committee for
Civil Rights
100 N. LaSalle St., Ste. 600
Chicago, IL 60602
Telephone: (312) 630-9744
Facsimile: (312) 630-1127
achablani@clccrul.org
agandhi@clccrul.org



3 Embarcadero Center, 26th
Floor
San Francisco, CA 94111
Tel: (415) 986-2800
wparker@crowell.com

Elizabeth E. Theran
Adrienne DerVartanian
National Women's Law Center
1350 I Street NW, Suite 700
Washington, DC 20005
Telephone: (202) 588-5180
Fax: (202) 588-5185
etheran@nwlc.org
adervartanian@nwlc.org

Lourdes M. Rosado*
Rafaela Uribe*
LATINOJUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
Telephone: (212) 739-7583
lrosado@latinojustice.org
ruribe@latinojustice.org

*Attorneys for Chicago Women in Trades*

*\*Pro hac vice motion forthcoming*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025 I caused the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS OFFICE OF MANAGEMENT AND BUDGET AND DIRECTOR OF OFFICE OF MANAGEMENT AND BUDGET RUSSELL VOUGHT to be served via electronic mail on counsel for Defendants.

/s/ *Jason P. Stiehl*
Jason P. Stiehl

DCACTIVE-80316538.2