UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO WOMEN IN TRADES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 25 CV 2005 |
| v. ) | |
| ) | Judge Kennelly |
| PRESIDENT DONALD J. TRUMP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### NOTICE

Defendants provide this notice to clarify a statement made during the hearing held on August 21, 2025, regarding the Certification Provision.

In response to the Court's questions during the hearing, counsel for Defendants conveyed that only entities that enter into an agreement with the Government are required to sign the Certification Provision. Defendants file this notice to modify that statement.

In the context of Government grants and cooperative agreements, the primary recipients must generally "flow down" their compliance obligations to any subrecipients, which do not enter into a separate agreement with the Government. *See* 2 C.F.R. § 200.101(b). The terms and conditions of a Government contract may similarly flow down compliance obligations to sub-contractors.[1]

---

[1] This Court has already implicitly acknowledged these "flow-down" obligations. After all, the Chicago Women in Trades (CWIT) alleged that it serves as a subrecipient/sub-contractor for several Government grants/contracts. *See* Complaint, ECF No. 1, ¶¶ 54-56. And in evaluating CWIT's claims, this Court assumed that CWIT's obligations as a subrecipient/sub-contractor and its obligations as a primary recipient are indistinguishable. *See* PI Opinion, ECF No. 68.

-1-

To clarify this in the context of the hypothetical posed by the Court during the hearing: If CWIT *sub-awards* a portion of its Department of Labor (DOL) grant to the Towpath Trail High School, then CWIT would have to "flow down" its compliance obligations to Towpath Trail. If, however, CWIT does not sub-award to Towpath Trail, but uses its DOL grant for a project that benefits Towpath Trail—as suggested by this Court's hypothetical—then the flow-down obligation would not be triggered. In other words, compliance obligations do not flow down to a third party simply because that third party happens to be a beneficiary of a federally funded program.

Importantly, CWIT would only have to flow down its *own* compliance obligations to any subrecipient. Thus, if CWIT does not have an obligation to sign the Certification Provision (due to an injunction), then Towpath Trail would not have any such certification obligation either (even if it serves as CWIT's subrecipient).

But in any event, CWIT has not identified any entity that serves as its subrecipient for any DOL grants. *See* Complaint, ECF No. 1, ¶¶ 42-57 (identifying two grants for which CWIT is the primary recipient [with no identified subrecipient], and three contracts/grants for which CWIT serves as the subrecipient/sub-contractor).

Counsel for Defendants apologizes for any confusion caused by her statements during the hearing. Defendants continue to maintain that complete relief to CWIT does not require a universal injunction. This Court can provide complete relief to CWIT by a narrow injunction that covers CWIT and entities that CWIT has entered into an agreement with for Government grants/contracts.

Respectfully submitted,

| | |
|---|---|
| BRETT A. SHUMATE | THOMAS P. WALSH |
| Assistant Attorney General | PATRICK JOHNSON |
| Civil Division | Assistant United States Attorneys |
| | |
| YAAKOV M. ROTH | */s/ Pardis Gheibi* |

-2-

| | |
|---|---|
| Principal Assistant Attorney General | PARDIS GHEIBI (D.C. Bar No. 90004767) |
| | Trial Attorney, U.S. Department of Justice |
| JOSEPH E. BORSON | Civil Division, Federal Programs Branch |
| Assistant Branch Director | 1100 L Street, N.W. |
| | Washington, D.C. 20005 |
| ANDREW S. BOUTROS | Tel.: (202) 305-3246 |
| United States Attorney | Email: pardis.gheibi@usdoj.gov |
| | |
| | *Attorneys for Defendants* |